UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL STEPHANSKI,

                              Plaintiff,

v.                                                           9:18-cv-00076 (BKS/CFH)

RANDY ALLEN et al.,

                              Defendants.
_____

**Appearances:**

*For Plaintiff:*
Mary T. Connolly
Gabriel M. Nugent
J.J. Pelligra
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

*For Defendants:*
Letitia James
Attorney General of the State of New York
Aimee Cowan
Assistant Attorney General
300 South State Street, Suite 300
Syracuse, New York 13202

**Hon. Brenda K. Sannes, United States District Judge:**

**ORDER TO SHOW CAUSE**

**I.    BACKGROUND**

      Plaintiff Paul Stephanski brought this action against Correction Officers Thomas Stackle, Brandon Payne and Sergeant Randy Allen, alleging that the Defendants violated his Eighth Amendment rights by subjecting him to excessive force and failing to intervene on September

30, 2015 while Plaintiff was incarcerated at Cape Vincent Correctional Facility. (Dkt. No. 1). On February 18, 2020, the Court denied Defendants' motion for summary judgment, which sought dismissal of the complaint based on Plaintiff's failure to exhaust administrative remedies. (Dkt. No. 49). On March 10, 2020, the Court appointed Gabriel M. Nugent and John Joseph Pelligra as pro bono counsel for purposes of an evidentiary hearing and trial. (Dkt. No. 53). The Court held an evidentiary hearing on the issue of exhaustion and, on December 9, 2020, issued a decision finding that Plaintiff had exhausted his administrative remedies and that this case could proceed to trial. (Dkt. No. 75). The Court scheduled trial to begin on September 13, 2021. (Dkt. No. 77).

On May 13, 2021, after mail to Plaintiff was returned as undeliverable, (Dkt. Nos. 74, 76, 78), and Plaintiff's counsel was notified and directed to submit an update on "plaintiff's current location," (Text Notice entered May 7, 2021), Plaintiff's counsel provided the Court with Plaintiff's new address. (Dkt. No. 79). On May 14, 2021, the Court acknowledged receipt of Plaintiff's new address and issued a Text Order reminding Plaintiff "to keep both the Court and all counsel advised of his current address." (Dkt. No. 80). On August 6, 2021, Plaintiff's counsel notified the Court that they had been unable to reach Plaintiff. (Dkt. No. 81). It was determined that Plaintiff had been arrested on parole and was being housed at Elmira Correctional Facility. (*Id.*). The Court therefore issued a Text Order directing Plaintiff to contact his counsel and warning that "failure to respond to this Court Order may result in dismissal of this case for failure to prosecute." (*Id.*). The Court subsequently rescheduled the trial to February 28, 2022, at Plaintiff's request due to his alleged medical condition. (Dkt. Nos. 87, 88).

Plaintiff, who is no longer in custody, but who had been in contact with his counsel until 4:00 p.m. on February 27, 2022, did not check into the hotel room his counsel had reserved for him for the night of February 27, 2022, and did not appear for trial on February 28, 2022.

Plaintiff's counsel advised the Court that they have made repeated attempts to reach Plaintiff and he has not responded to texts or phone calls since the afternoon of February 27, 2022.

Plaintiff is, at present, unreachable and did not appear for trial, despite being aware that trial was to commence at 9:30 a.m., on February 28, 2022. (Dkt. No. 88). Thus, because it appears that Plaintiff has failed to prosecute this action diligently, Plaintiff is ordered to show cause why this action should not be dismissed for failure to prosecute. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); *see Lewis v. Rawson*, 564 F.3d 569, 580 (2d Cir. 2009) ("'It is beyond dispute' under [Second Circuit] precedent 'that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial.'" (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)); *Benitez v. Taylor*, No. 13-cv-1404, 2014 WL 7151607, at *3, 2014 U.S. Dist. LEXIS 173327, at *6 (N.D.N.Y. Aug. 7, 2014) (recommending dismissal of the complaint for failure to prosecute, explaining that "[s]ince there is no way to contact or locate Benitez, the imposition of a lesser sanction[] would be futile"), *report-recommendation adopted*, 2014 WL 7151607, 2014 U.S. Dist. LEXIS 172553 (N.D.N.Y. Dec. 15, 2014). Accordingly, Plaintiff is ordered to show cause why this action should not be dismissed for failure to appear for trial. Fed. R. Civ. P. 41(b); *Colozzi v. St. Joseph's Hosp. Ctr.*, No. 08-cv-1220, 2010 WL 3433997, at *2, 2010 U.S. Dist. LEXIS 88685, at *4–5 (N.D.N.Y. July 20, 2010) ("[A] party to an action pending in a federal district court . . . is required to comply with legitimate court directives and to participate in scheduled proceedings . . . . The failure of a party to fulfill this obligation provides a basis for the striking of the offending party's pleadings and the entry of appropriate corresponding relief."), *report-*

3

*recommendation adopted*, 2010 WL 3464155, 2010 U.S. Dist. LEXIS 88736 (N.D.N.Y. Aug. 27, 2010).

Plaintiff is also ordered to show cause why juror costs should not be assessed against him for failing to timely notify the Court that he would not be proceeding to trial. Local Rule 47.3 provides:

> Whenever any civil action scheduled for jury trial is postponed, settled or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including marshal's fees, mileage and per diem, shall be assessed against the parties and/or their attorneys as the Court directs, unless the parties or their attorneys notify the Court and the Clerk's office at least one full business day prior to the day on which the action is scheduled for trial, so that the Clerk has time to advise the jurors that it shall not be necessary for them to attend.

N.D.N.Y. L.R. 47.3. In the Trial Order issued on March 11, 2022, the Court advised the parties "that should a case be removed from the trial ready list because of settlement or some other factor, on or after Wednesday, September 8, 2021 . . . the court may impose sanctions pursuant to L.R. 47.3." (Dkt. No. 77, at 2). Twenty-four potential jurors reported for jury duty on February 28, 2022, only to be sent home. Accordingly, Plaintiff must show good cause why juror costs should not be assessed.

Accordingly, it is

**ORDERED** that Plaintiff shall file and serve, by March 14, 2022, a response to this Order setting forth why this case should not be dismissed for failure to prosecute and showing good cause why juror costs should not be assessed against him. N.D.N.Y. L.R. 41.2(a); Fed. R. Civ. P. 41(b). Defendants may respond to Plaintiff's submission by March 25, 2022.

It is further **ORDERED** that **IF THE COURT DOES NOT RECEIVE A RESPONSE FROM PLAINTIFF ON OR BEFORE MARCH 14, 2022, <u>THIS ACTION WILL BE DISMISSED</u>**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Order to Show Cause on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 28, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge