UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL STEPHANSKI,

                              Plaintiff,

v.                                                                                                                  9:18-cv-00076 (BKS/CFH)

RANDY ALLEN, et al.,

                              Defendants.
_____

**Appearances:**

*For Plaintiff*:
Gabriel M. Nugent
J.J. Pelligra
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

*For Defendants*:
Letitia James
Attorney General of the State of New York
Aimee Cowan
Assistant Attorney General
300 South State Street, Suite 300
Syracuse, New York 13202

**Hon. Brenda K. Sannes, United States District Judge:**

                                      **MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

        Plaintiff Paul Stephanski brought this action against Correction Officers Thomas Stackle and Brandon Payne and Sergeant Randy Allen, alleging that Defendants violated his Eighth Amendment rights by subjecting him to excessive force and failing to intervene on September 30, 2015 while Plaintiff was incarcerated at Cape Vincent Correctional Facility. (Dkt. No. 1). On

February 28, 2022, after Plaintiff failed to appear for trial, the Court issued an Order to Show Cause directing Plaintiff to set forth "why this case should not be dismissed for failure to prosecute" and "show[] good cause why juror costs should not be assessed against him." (Dkt. No. 112, at 4). Plaintiff responded to the Court's order, (Dkt. No. 114), and Defendants responded to Plaintiff's submission requesting that Plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 41(b), (Dkt. No. 117). For the following reasons, the Court declines to dismiss Plaintiff's action for failure to prosecute under Rule 41(b) but assesses juror costs against Plaintiff.

## II.  BACKGROUND

Plaintiff commenced this action on January 18, 2018. (Dkt. No. 1). On February 18, 2020, the Court denied Defendants' motion for summary judgment, which sought dismissal of the complaint based on Plaintiff's failure to exhaust administrative remedies. (Dkt. No. 49). On March 10, 2020, the Court appointed Gabriel M. Nugent and John Joseph Pelligra as pro bono counsel for purposes of an evidentiary exhaustion hearing and trial. (Dkt. No. 53). The Court held an evidentiary hearing on the issue of exhaustion and, on December 9, 2020, issued a decision finding that Plaintiff had exhausted all administrative remedies that were available to him, and that this case could proceed to trial. (Dkt. No. 75). The Court scheduled trial to begin on September 13, 2021. (Dkt. No. 77).

On May 13, 2021, after mail to Plaintiff was returned as undeliverable, (Dkt. Nos. 74, 76, 78), and Plaintiff's counsel was notified and directed to submit an update on "plaintiff's current location," (Text Notice entered May 7, 2021), Plaintiff's counsel provided the Court with Plaintiff's new address. (Dkt. No. 79). On May 14, 2021, the Court acknowledged receipt of Plaintiff's new address and issued a Text Order reminding Plaintiff "to keep both the Court and all counsel advised of his current address." (Dkt. No. 80). On August 6, 2021, Plaintiff's counsel

notified the Court that they had been unable to reach Plaintiff. (Dkt. No. 81). It was determined that Plaintiff had been arrested on parole and was being housed at Elmira Correctional Facility. (*Id.*). The Court therefore issued a Text Order directing Plaintiff to contact his counsel and warning that "failure to respond to this Court Order may result in dismissal of his case for failure to prosecute." (*Id.*). The Court subsequently rescheduled the trial to February 28, 2022, at Plaintiff's request due to his alleged medical condition. (Dkt. Nos. 87, 88).

Plaintiff, who is no longer in custody, did not appear for trial on February 28, 2022. Although Plaintiff had been in contact with his counsel until 4:00 p.m. on February 27, 2022, he did not check into the hotel room his counsel had reserved for him for the night of February 27 and did not respond to counsel's repeated attempts to reach Plaintiff. The Court therefore issued an order directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute and why juror costs should not be assessed against him. (Dkt. No. 112).

Plaintiff responded to the Court's order to show cause on March 10, 2022. (Dkt. No. 114). Plaintiffs' counsel explained that Plaintiff contacted them at approximately 12:00 p.m. on February 28. (*Id.* at 1). Counsel learned that Plaintiff "was stranded at the Port Byron Travel Plaza, an east-bound access rest area on the New York State Thruway." (*Id.*). Counsel traveled to the Travel Plaza, met Plaintiff there, and arranged for Plaintiff to purchase a return bus ticket to Buffalo. (*Id.*).

Plaintiff explained to his counsel that "he had boarded a Greyhound bus in Buffalo bound for Syracuse late on February 27," as they had previously discussed. (*Id.*; *see also* Dkt. No. 114-1 (Plaintiff's one-way bus ticket from Buffalo to Syracuse)). According to Plaintiff, the bus stopped at the Travel Plaza during its journey. (Dkt. No. 114, at 2). Plaintiff was not "feeling well" and "exited the bus to use the restroom." (*Id.*). Plaintiff then "took [a] rest in a small

3

lounge area with reclining chairs." (*Id.*). However, Plaintiff fell asleep, and the bus left the Travel Plaza without him. (*Id.*). Counsel subsequently learned that the bus arrived in Syracuse at 2:17 a.m. on February 28. (*Id.*).

Plaintiff stated that his "travel bag was confiscated by a New York State Trooper after someone observed and reported it as an unattended bag." (*Id.*). Plaintiff's cell phone was in the bag, explaining why he did not answer his counsel's phone calls on the morning of trial. (*Id.*). Plaintiff "did not retrieve his bag and phone until just before he called" his pro bono counsel around noon. (*Id.*). According to Plaintiff's counsel, Plaintiff was "quite remorseful for his failure to appear for trial, completely embarrassed, and disappointed in himself." (*Id.*). Plaintiff's counsel "attest[s] that [Plaintiff's] failure to appear is completely at odds with his interest in seeing this case through." (*Id.*).

### III.   DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge may order it dismissed."). Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation omitted).

When determining whether dismissal under Rule 41(b) is appropriate, courts must consider the following factors:

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

Considering these factors, as well as Plaintiff's explanation for his failure to appear, the Court concludes that dismissal under Rule 41(b) is not warranted at this time. First, Plaintiff's failure to appear at trial on February 28, 2022 will cause a delay, and Plaintiff is responsible for that delay.[1] However, the Court concludes that a delay of a few months is not an unreasonable delay in light of the fact that this case has now been pending for more than four years. *Cf. Scott v. Perkins*, 150 F. App'x 30, 33 (2d Cir. 2005) (summary order) (noting that the plaintiff "was responsible for any delay resulting from his failure to appear at trial" and that the "delay of one month cannot be correctly described as unreasonable, considering that the case had been pending

---

[1] Defendants argue that Plaintiff "has a lengthy record of delaying, disappearing, [and] failing to apprise the Court of his current address" in this case. (*See* Dkt. No. 117, at 4–7). The Court has considered the fact that Plaintiff has, during the course of this litigation, repeatedly failed to update the Court with his current address. (Dkt. Nos. 23, 80, 81). Plaintiff is reminded that he must keep the Court and all counsel advised of his current address. **Failure to follow this Order will result in the dismissal of this action for failure to prosecute.**

Defendants also argue that Plaintiff's request for an adjournment of the September 13, 2021 trial date, which this Court granted, (*see* Dkt. Nos. 87, 88), was based on a fabricated injury to his front teeth. (Dkt. No. 117, at 6–7). The Court notes that Plaintiff's medical assertions in the August 19, 2021 extension request, (Dkt. No. 87), appear to be at odds with the medical records provided by Defendants, (Dkt. No. 117-6, at 12–14). Defense counsel notes that there are "no records that reflect an accident at Elmira Correctional Facility," and "no medical records that reflect a request for surgery" or any plan to schedule a consultation or surgery. (Dkt. No. 117, at 6–7). While the Court declines to determine at this stage whether Plaintiff's injury and alleged request for "emergency treatment to fix his teeth" were fabricated, the Court will require that any such future assertion by Plaintiff be documented. In this decision the Court focuses its analysis on Plaintiff's failure to appear at trial on February 28, 2022.

5

for more than ten years" (citation omitted)). Furthermore, as in *Scott*, there was "no indication that [Plaintiff] had abandoned the matter," as Plaintiff had been in contact with his counsel through the afternoon of February 27, the day before trial was set to begin. *Id.* This factor therefore weighs against dismissal.

The Court finds that the second factor does not weigh either for or against dismissal. Although Plaintiff was given notice on prior occasions that his failure to update his address with the Court or comply with specific Court orders may result in dismissal of his complaint, (Dkt. Nos. 23, 81, 112), Plaintiff received no specific notice that his failure to appear at trial could result in dismissal. However, Plaintiff is represented by Court-appointed pro bono counsel. *See Scott*, 150 F. App'x at 33 (noting that pro bono counsel "should have (and possibly did) inform [the plaintiff] that failure to appear for trial could result in the dismissal of his case").

The third factor—likely prejudice to the Defendants as a result of further delay—weighs slightly in favor of dismissal. Defendants argue that they have "readied themselves for trial—twice." (Dkt. No. 117, at 12). Defendants argue that they have arranged for expert witnesses to testify and made transportation and lodging arrangements "at great expense to the State of New York," and that they will be prejudiced by the further "passage of time" and the attendant risk that memories will fade or witnesses lost altogether. (*Id.*). Indeed, courts have found prejudice to defendants in light of the expenditure of resources and extensive passage of time. *See, e.g.*, *Doe v. Winchester Bd. of Educ.*, No. 10-cv-1179, 2017 WL 214176, at *9–10, 2017 U.S. Dist. LEXIS 6645, at *26–28 (D. Conn. Jan. 18, 2017) (finding this factor weighed in favor of dismissal where the defendant was prejudiced by the "undue inconvenience, cost and burden of preparing" for each of five scheduled trial dates "over and above the sheer cost of litigation"); *Gaeta v. Inc. Vill. of Garden City*, 644 F. App'x 47, 48 (2d Cir. 2016) (summary order) (affirming dismissal

6

under Rule 41(b) where, inter alia, "defendants surely were prejudiced by the extensive" three-year delay in a twelve-year-old case). However, because Defendants have not made a showing that any particular evidence is likely to be lost or that "their ability to put on their case [will be] impaired," the Court concludes that any prejudice to Defendants due to a delay of the trial does not outweigh the other factors weighing against dismissal. *See Scott*, 150 F. App'x at 33–34 ("The prejudice to the defendant was minimal and not sufficient to overcome the relatively short delay requested."). Defendants may seek an award of the costs that they have incurred if they obtain judgment in their favor. Fed. R. Civ. P. 54(d).

Fourth, while this Court maintains a busy calendar, the Court concludes that its need to alleviate congestion on its court calendar does not outweigh Plaintiff's right to an opportunity for a day in court. This is not a case where the plaintiff failed to communicate with the Court or counsel for extended periods of time; rather, Plaintiff was in contact with his counsel until the afternoon before trial. Moreover, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas v. Miles*, 84 F.3d 532, 535–36 (2d Cir. 1996). Resetting Plaintiff's case for trial will not have an "extreme effect" on this Court's calendar, and this factor therefore weighs against dismissal.

Finally, the Court must consider the efficacy of lesser sanctions. Given the evidence that Plaintiff was actively on his way to Syracuse for trial and, according to his counsel, has been active in trial preparations, the Court concludes that a sanction less severe than outright dismissal

will be effective. Specifically, the Court will impose juror costs on Plaintiff as a sanction for his failure to appear at trial.[2] Local Rule 47.3 provides:

> Whenever any civil action scheduled for jury trial is postponed, settled or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including marshal's fees, mileage and per diem, shall be assessed against the parties and/or their attorneys as the Court directs, unless the parties or their attorneys notify the Court and the Clerk's office at least one full business day prior to the day on which the action is scheduled for trial, so that the Clerk has time to advise the jurors that it shall not be necessary for them to attend.

N.D.N.Y. L.R. 47.3. In the Trial Order issued on March 11, 2022, the Court also advised the parties "that should a case be removed from the trial ready list because of settlement or some other factor, on or after Wednesday, September 8, 2021 . . . the court may impose sanctions pursuant to L.R. 47.3." (Dkt. No. 77, at 2). Twenty-four potential jurors reported for jury duty on February 28, 2022, only to be sent home. Accordingly, the Court assesses the costs associated with those jurors against Plaintiff in the amount of $1,707.89.[3]

In sum, the Court finds that Plaintiff and his counsel have provided an explanation for his failure to appear at trial on February 28, 2022 and that dismissal is not warranted under these circumstances. This is not a case where the plaintiff failed to provide any explanation whatsoever for his failure to appear at a duly scheduled proceeding or where the plaintiff simply refuses to proceed at trial. *See, e.g.*, *Triplett v. Asch*, No. 17-cv-656, 2021 WL 2227748, at *3, 2021 U.S. Dist. LEXIS 103185, at *8–9 (N.D.N.Y. June 2, 2021) (dismissing action where the plaintiff "refused to be taken to Court" on the morning of trial and "refus[ed] to come out of his cell or

---

[2] Although the Court directed Plaintiff to show good cause why juror costs should not be assessed against him, Plaintiff did not address the issue of juror costs in his response to the Court's order. (*See* Dkt. No. 114).

[3] These costs include $1,200.00 for the jurors' attendance and service and an additional $507.89 in mileage and parking fees.

otherwise participate in a conference with the Court"), *appeal docketed*, No. 21-1519 (2d Cir. June 22, 2021); *see generally Lewis v. Rawson*, 564 F.3d 569 (2d Cir. 2009) (affirming dismissal of action where the plaintiff refused to testify at and proceed with trial after the district court denied his request for an adjournment). While Defendants argue that Plaintiff's explanation for his failure to appear is not credible because he offered no sworn declaration, the Court has before it Plaintiff's used one-way bus ticket from Buffalo to Syracuse, and counsel's representation that counsel found Plaintiff on the afternoon of trial "stranded" at the Port Byron Travel Plaza, en route to Syracuse. (Dkt. No. 114, at 1). The Court has no reason to doubt counsel's assertions that Plaintiff was remorseful, embarrassed, disappointed, and "generally inconsolable" upon missing trial. (*Id.* at 2). Mindful that dismissal is "one of the harshest sanctions" available which is reserved "for use only in the most extreme circumstances," *Drake*, 375 F.3d at 250–51, the Court declines to dismiss Plaintiff's action here. Plaintiff is, however, warned that his failure to appear for the rescheduled trial will result in dismissal of his action.

IV.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Defendants' request for dismissal under Federal Rule of Civil Procedure 41(b) is **DENIED**; and it is further

**ORDERED** that juror costs in the amount of $1,707.89 are assessed against Plaintiff for his failure to appear for trial on February 28, 2022; and it is further

**ORDERED** that a jury trial will be rescheduled.

Plaintiff is hereby **WARNED** that if he fails to appear on the rescheduled trial date, **THIS ACTION WILL BE DISMISSED**.

IT IS SO ORDERED.

Dated: April 13, 2022
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge