UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL STEPHANSKI,

                              Plaintiff,

v.                                                                  9:18-cv-76 (BKS/CFH)

RANDY ALLEN, et al.,

                              Defendants.
_____

**Appearances:**

*For Plaintiff*:
Gabriel M. Nugent
J.J. Pelligra
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

*For Defendants*:
Letitia James
Attorney General of the State of New York
Aimee Cowan
Assistant Attorney General
300 South State Street, Suite 300
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Paul Stephanski brought this action against Correction Officers Thomas Stackle and Brandon Payne and Sergeant Randy Allen, alleging that Defendants violated his Eighth Amendment rights by subjecting him to excessive force and failing to intervene on September 30, 2015 while Plaintiff was incarcerated at Cape Vincent Correctional Facility. (Dkt. No. 1).

Trial was set to begin on January 17, 2023; after not being in contact with his attorneys since mid-October 2022, Plaintiff failed to appear on this date. Presently before the Court is Defendants' request for dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 125). For the following reasons, Defendants' request is granted and the Court dismisses this action for failure to prosecute under Rule 41(b).

## II. BACKGROUND

Plaintiff commenced this action on January 18, 2018. (Dkt. No. 1). On February 18, 2020, the Court denied Defendants' motion for summary judgment, which sought dismissal of the complaint based on Plaintiff's failure to exhaust administrative remedies. (Dkt. No. 49). On March 10, 2020, the Court appointed Gabriel M. Nugent and John Joseph Pelligra as pro bono counsel for purposes of an evidentiary exhaustion hearing and trial. (Dkt. No. 53). The Court held an evidentiary hearing on the issue of exhaustion and, on December 9, 2020, issued a decision finding that Plaintiff had exhausted all administrative remedies that were available to him, and that this case could proceed to trial. (Dkt. No. 75). The Court scheduled trial to begin on September 13, 2021. (Dkt. No. 77).

On May 13, 2021, after mail to Plaintiff was returned as undeliverable, (Dkt. Nos. 74, 76, 78), and Plaintiff's counsel was notified and directed to submit an update on "plaintiff's current location," (Text Notice entered May 7, 2021), Plaintiff's counsel provided the Court with Plaintiff's new address. (Dkt. No. 79). On May 14, 2021, the Court acknowledged receipt of Plaintiff's new address and issued a Text Order reminding Plaintiff "to keep both the Court and all counsel advised of his current address." (Dkt. No. 80). On August 6, 2021, Plaintiff's counsel notified the Court that they had been unable to reach Plaintiff. (Dkt. No. 81). It was determined that Plaintiff had been arrested on a parole violation and was being housed at Elmira Correctional Facility. (*Id.*). The Court therefore issued a Text Order directing Plaintiff to contact

his counsel and warning that "failure to respond to this Court Order may result in the dismissal of his case for failure to prosecute." (*Id.*). The Court subsequently rescheduled the trial to February 28, 2022, at Plaintiff's request due to an alleged medical condition. (Dkt. Nos. 87, 88).

Plaintiff, although no longer in custody at the time, did not appear for trial on February 28, 2022. Although Plaintiff had been in contact with his counsel until 4:00 p.m. on February 27, 2022, he did not check into the hotel room his counsel had reserved for him for the night of February 27 and did not respond to counsel's repeated attempts to reach Plaintiff. The Court therefore issued an order directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute and why juror costs should not be assessed against him. (Dkt. No. 112).

In response to the Court's order to show cause, Plaintiffs' counsel explained that Plaintiff contacted them at approximately 12:00 p.m. on February 28. (Dkt. No. 114, at 1). Counsel learned that Plaintiff "was stranded at the Port Byron Travel Plaza, an east-bound access rest area on the New York State Thruway." (*Id.*). Counsel traveled to the Travel Plaza, met Plaintiff there, and arranged for Plaintiff to purchase a return bus ticket to Buffalo. (*Id.*). Plaintiff explained to his counsel that "he had boarded a Greyhound bus in Buffalo bound for Syracuse late on February 27," as they had previously discussed. (*Id.*; *see also* Dkt. No. 114-1 (Plaintiff's one-way bus ticket from Buffalo to Syracuse)). According to Plaintiff, the bus stopped at the Travel Plaza during its journey. (Dkt. No. 114, at 2). Plaintiff was not "feeling well" and "exited the bus to use the restroom." (*Id.*). Plaintiff then "took [a] rest in a small lounge area with reclining chairs." (*Id.*). However, Plaintiff fell asleep, and the bus left the Travel Plaza without him. (*Id.*). Counsel subsequently learned that the bus arrived in Syracuse at 2:17 a.m. on February 28. (*Id.*). Plaintiff stated that his "travel bag was confiscated by a New York State Trooper after someone observed and reported it as an unattended bag." (*Id.*). Plaintiff's cell phone was in the bag,

explaining why he did not answer his counsel's phone calls on the morning of trial. (*Id.*). Plaintiff "did not retrieve his bag and phone until just before he called" his pro bono counsel around noon. (*Id.*).

On April 13, 2022, based on the explanation provided by Plaintiff's counsel and mindful that involuntary dismissal is a harsh sanction, the Court declined to dismiss this action under Rule 41(b) for Plaintiff's failure to appear at trial on February 28, 2022. (Dkt. No. 118). The Court imposed the lesser sanction of assessing juror costs in the amount of $1,707.89 against Plaintiff for the 24 jurors who reported that day, only to be sent home. (*Id.* at 8–9). The Court directed that a jury trial would be rescheduled, and expressly warned Plaintiff that "his failure to appear for the rescheduled trial will result in dismissal of his action." (*Id.* at 9). A few days later, the Court rescheduled the jury trial to begin August 29, 2022. (Dkt. No. 119).

On August 15, 2022, Plaintiff's counsel informed the Court that Plaintiff was "currently at Northpointe Council First Step Chemical Dependency Crisis Center receiving emergency treatment." (Dkt. No. 120). Counsel further noted that Plaintiff "may be parole-violated" and therefore would be "unavailable" for trial on August 29. (*Id.*). After the Court held a conference with counsel and raised the possibility of conducting a trial with Plaintiff appearing by video, all parties indicated that they did not want to proceed by video. (Dkt. Nos. 122, 123). In response, the Court stated:

> In light of the fact that both parties are seeking a continuance of the trial due to Plaintiff's current incarceration at the Niagara County Jail, where he could only participate in the trial by video, the Court will continue the trial for one final time. This is the third time that the Court has cleared its calendar for this trial, and this case is over four years old. **The Court will not continue the trial again absent extraordinary circumstances.**

(Dkt. No. 124). The trial was continued to January 17, 2023. (*Id.*).

4

During a January 6, 2023 telephone conference with all parties' counsel, Plaintiff's counsel advised the Court that they had not been in contact with Plaintiff for several weeks. (Text Minute Entry dated Jan. 6, 2023).[1] The Court indicated that it would give Plaintiff until 12:00 p.m. on January 10 to contact his attorney and update his address with the Court and that, if Plaintiff did not do so, defense counsel could file a letter motion requesting dismissal of this action. (*Id.*). On January 10, Defendants filed a letter request to dismiss this case with prejudice for Plaintiff's failure to prosecute. (Dkt. No. 125). That same day, Plaintiff's pro bono counsel filed a letter indicating that they were "unable to advance a meaningful substantive response to Defendants' letter motion." (Dkt. No. 126). Counsel explained that, despite "diligent efforts"—including "phone calls, text messaging, [] letters to his last known address," and "enlist[ing] assistance from a relative" of Plaintiff—they were "unable to get in touch" with Plaintiff. (*Id.*). Their last communication with Plaintiff "took place in mid-October." (*Id.*).

On January 11, 2023, after reviewing the letters filed by both counsel on January 10, the Court issued the following text order:

> In light of the fact that Plaintiff has not been in contact with his attorneys since mid-October 2022, the Court will not bring a jury in for trial on January 17, 2023, and counsel are not expected to appear on January 17, 2023. This however, does not excuse Plaintiff's presence on January 17, 2023 at 9:30 a.m. Plaintiff is expected to appear at that time in Syracuse, New York before this Court.

(Dkt. No. 127). The Court further noted that, if Plaintiff did appear at that time, it would contact counsel for a telephone conference. (*Id.*). A copy of this text order was mailed to Plaintiff at his last known address. (*Id.*).

---

[1] The New York State Department of Corrections and Community Supervision Inmate Lookup service indicates that Plaintiff was discharged from custody and/or parole on September 30, 2022. https://nysdoccslookup.doccs.ny.gov/ (last accessed Jan. 17, 2023).

5

Plaintiff failed to appear before this Court on January 17, 2023 and has not otherwise communicated with the Court. (*See* Text Notice dated Jan. 17, 2023).

### III. DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge may order it dismissed."). While involuntary dismissal is "'a harsh remedy [which] is appropriate only in extreme situations,'" the Court's "authority to invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (summary order) (first quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); and then quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

When determining whether dismissal under Rule 41(b) is appropriate, courts must consider the following factors:

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

Considering these factors, the Court concludes that dismissal under Rule 41(b) is warranted under the circumstances of this case. First, Plaintiff's failure to keep counsel and the Court apprised of his current address and to appear for trial on January 17, 2023 has caused a delay for which Plaintiff is responsible. *See Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998) (noting that there are two aspects to this first factor: "(1) that the failures were those of the plaintiff, and (2) that these failures were of significant duration" (citing *Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994)). Because Plaintiff has been unreachable by the Court or counsel, trial was unable to proceed as scheduled on January 17, 2023, and any rescheduled trial date would likely not be for several months. Furthermore, Plaintiff has provided no explanation or justification for his failure to keep counsel and the Court apprised of his current address or his failure to appear for the scheduled trial date, and it appears at this point that Plaintiff has "abandoned the matter." *Cf. Scott v. Perkins*, 150 F. App'x 30, 33 (2d Cir. 2005) (summary order) (finding "no indication that [the plaintiff] had abandoned the matter" where he "had kept in contact with both the court . . . and his counsel"). The Court notes that the incident underlying this lawsuit occurred more than seven years ago and that this case has been pending for five years, trial-ready since December 2020, and scheduled for trial four times. (Dkt. Nos. 77 (scheduling trial for Sept. 13, 2021), 88 (scheduling trial for Feb. 28, 2022), 119 (scheduling trial for Aug. 29, 2022), 124 (scheduling trial for Jan. 17, 2023)). Each time, trial has been rescheduled or unable to proceed due to Plaintiff's request, (Dkt. No. 87 (requesting adjournment due to medical issue)), failure to appear for trial, (Text Minute Entry dated Feb. 28, 2022 (noting Plaintiff was "not present for trial")), Plaintiff's incarceration and unavailability to be present for trial, (Dkt. No. 124), and failure to keep counsel and the Court apprised of his current address and failure to appear for trial, (Dkt. No. 127; Text Notice dated Jan. 17, 2023 (noting Plaintiff

did not appear for the jury trial scheduled on 1/17/2023 at 9:30 a.m.)). Defendants have, in every instance, been prepared to proceed. Thus, particularly because Plaintiff's failures have "functioned as complete block to moving this litigation forward," despite the diligent efforts of his pro bono counsel, *cf. Kent v. Scamardella*, No. 07-cv-844, 2007 WL 3085438, at *2, 2007 U.S. Dist. LEXIS 78648, at *6 (S.D.N.Y. Oct. 18, 2007), the Court concludes that the first *Drake* factor weighs in favor of dismissal.

The Court finds that the second factor also weighs in favor of dismissal. Plaintiff was given notice on multiple prior occasions that his failure to update his address with the Court or comply with specific Court orders could result in dismissal of his complaint. (*See, e.g.*, Dkt. Nos. 23 (reminding Plaintiff of his obligation to inform the Court of any address changes and noting that failure to do so "may result in the dismissal of any pending action"), 81 ("Plaintiff is warned that the failure to respond to this Court Order may result in the dismissal of his case for failure to prosecute."), 112 (order to show cause warning Plaintiff that his failure to respond would result in dismissal of this action)); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address by counsel or a *pro se* litigant within 14 days of a change in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."). In its decision declining to dismiss this action after Plaintiff failed to appear for trial on February 28, 2022, the Court again stated: "Plaintiff is reminded that he must keep the Court and all counsel advised of his current address. **Failure to follow this Order will result in the dismissal of this action for failure to prosecute.**" (Dkt. No. 118, at 5 n.1). Furthermore, Plaintiff received specific notice that his failure to appear at trial could result in dismissal. (*See id.* at 9 (warning Plaintiff, after declining to dismiss this action for failure to appear at trial in February 2022, "that his failure to appear for the rescheduled trial will result in dismissal of his action"); Dkt. No. 124 (continuing the trial to

8

January 17, 2023 but noting that the Court "**will not continue the trial again absent extraordinary circumstances**")). Thus, Plaintiff has been given specific notice that his failure to update his address with the Court and counsel, comply with Court orders, and/or appear for trial could result in dismissal.

The third factor—likely prejudice to the Defendants as a result of further delay—also weighs in favor of dismissal. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell*, 682 F.2d at 43). Here, Plaintiff's failure to prosecute has caused a lengthy delay for which he has provided no excuse or justification. *See also Caussade v. United States*, 293 F.R.D. 625, 630–31 (S.D.N.Y. 2013) (noting that courts presume prejudice when "a plaintiff has become inaccessible for months at a time" and collecting cases). Moreover, Defendants argue that they will be prejudiced by further delay because they have "reserved hotel rooms, made transportation arrangements, and arranged for expert testimony" four times, "at great expense to the State of New York." (Dkt. No. 125, at 7). Defendants also argue that, with further passage of time, witnesses' memories may fade or witnesses may be lost altogether. (*Id.*). Indeed, courts have found prejudice to defendants in light of the expenditure of resources and extensive passage of time. *See, e.g.*, *Doe v. Winchester Bd. of Educ.*, No. 10-cv-1179, 2017 WL 214176, at *9–10, 2017 U.S. Dist. LEXIS 6645, at *26–28 (D. Conn. Jan. 18, 2017) (finding this factor weighed in favor of dismissal where the defendant was prejudiced by the "undue inconvenience, cost and burden of preparing" for each of five scheduled trial dates "over and above the sheer cost of litigation"); *Gaeta v. Inc. Vill. of Garden City*, 644 F. App'x 47, 48 (2d Cir. 2016) (summary order) (affirming dismissal under Rule 41(b) where, inter alia, "defendants surely were prejudiced by [an] extensive delay"). Here, where Defendants have readied

9

themselves for four scheduled trial dates and Plaintiff has not provided an excuse for his failure to communicate with the Court or counsel or to appear at trial, the Court concludes that Defendants are likely to be prejudiced by further delay, having to prepare for trial again, and the effect of the passage of time on witnesses' memories. *Cf. Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (finding that the district court "reasonably concluded that further delay would be prejudicial to the defendants" where the action had been pending for three years and concerned events "more than five years in the past").

Fourth, the Court concludes that its need to alleviate congestion on its court calendar outweighs Plaintiff's right to an opportunity for a day in court. This Court has a full trial docket, with a backlog of trials resulting from the Covid-19 pandemic. This case has been trial-ready since December 2020 and has been rescheduled three times, each time at the request of Plaintiff. There is no indication that, at this time, Plaintiff intends to further pursue this action. While "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court," *Lucas*, 84 F.3d at 535–36, the Court may also consider "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources," *Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980)). Given the Court's full calendar and the opportunity Plaintiff was afforded to proceed at four separately scheduled trial dates, therefore, this factor weighs in favor of dismissal.

Finally, the Court has considered the efficacy of lesser sanctions and concludes that no lesser sanction than dismissal is appropriate in these circumstances. Indeed, the Court already utilized the lesser sanction of taxing juror costs against Plaintiff for his failure to appear for trial on February 28, 2022. Not only has Plaintiff failed to pay these costs, but this lesser sanction did

not deter Plaintiff from failing to comply with his obligation to keep his address updated or from failing to appear for trial on January 17, 2023. In addition, because Plaintiff is unreachable, the Court concludes that any sanction other than dismissal would be ineffective. *See Flynn v. Ward*, No. 15-cv-1028, 2019 WL 2085986, at *2, 2019 U.S. Dist. LEXIS 79849, at *4 (N.D.N.Y. May 13, 2019) ("The Court currently has no way of contacting Plaintiff and is therefore unaware of any feasible lesser sanction.").

In sum, having considered the five *Drake* factors, the Court concludes that dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' request for dismissal under Federal Rule of Civil Procedure 41(b) (Dkt. No. 125) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice** for failure to prosecute; and it is further

**ORDERED** that Plaintiff is directed to pay juror costs in the amount of $1,707.89 by February 22, 2023. Plaintiff is directed to send payment to Clerk, U.S. District Court, P.O. Box 7367, 100 South Clinton Street, Syracuse, NY 13261; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated: January 23, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge